393 So.2d 713 (1981)
STATE of Louisiana
v.
Eddie D. LANDRY.
No. 80-KA-1829.
Supreme Court of Louisiana.
January 26, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Stephen Wimberly, Asst. Dist. Attys., for plaintiff-appellee.
Louis A. Heyd, Jr., New Orleans, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant pleaded guilty to possession of cocaine with the intent to distribute, R.S. 40:967, and was sentenced to five years' imprisonment. He reserved the right to appeal from the denial of his motion to suppress the cocaine as evidence. State v. Crosby, 338 So.2d 584 (La.1976).
*714 Defendant was initially approached by an officer in an unmarked car as he was walking down the shoulder of a road. The officer testified that defendant was not violating any law or engaging in any criminal activity at that time, but that defendant appeared to resemble the description of a suspect who was wanted for theft in another parish. When the officer, dressed in plain clothes, stopped his car on the shoulder, defendant apparently believed that he was being offered a ride, and approached the side of the vehicle. The officer identified himself and ordered defendant to the rear of the car. Defendant was carrying a shoulder bag, which the officer removed and placed behind him; the defendant was then frisked. Finding no weapons, the officer leaned backwards, unzipped the bag, and discovered a pistol. He placed defendant under arrest. (Presumably, the search of the bag also revealed contraband).
It is argued that the officer was without lawful cause for detaining defendant and that, even assuming that some lawful ground existed for the detention, the search of the shoulder bag was unjustified. Because we agree with the latter argument, we pretermit discussion of the former.
The suspect whom defendant was said to resemble was reported to have fired a shot at another police officer. For this reason, the initial frisk or pat down of defendant was completely justified, as it was reasonable to believe that defendant might have been armed. However, the officer made an additional search of defendant's shoulder bag: no probable cause for defendant's arrest existed until this search was made. It is axiomatic that such a search may not precede an arrest and serve as part of its justification. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Under these circumstances, the search of the shoulder bag cannot be justified as incident to a lawful arrest.
It is clear that a police officer is entitled to make a protective search of a suspect for his own safety and the safety of others. Since the justification for such a search is the protection of the investigating officer and others nearby, the search "must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Terry v. Ohio, 392 U.S. 1, 29, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889, 911 (1968). As noted, the pat down of defendant's clothing constituted such a search. However, the additional search of the shoulder bag exceeded this justification: the bag was behind the officer and out of the reach of defendant; the officer had already discovered that defendant was unarmed; and defendant remained in the "frisk position" at the rear of the car.
The circumstances surrounding this search are similar to those found in State v. Greenwald, 369 So.2d 1317 (La.1979), in which a police officer searched a burlap bag that was out of the reach of the defendant and at a time when the officer was in complete control of the situation. In that case, the scope of the search exceeded the underlying justification of self-protection, since there was no necessity for the officer to take any further action to insure his own safety. The same is true in the present case. Once the officer found no weapons on defendant's person, there was no need to expand his search to the bag which was in his own control.
The threat of harm had been neutralized. The only purpose served by the search of the bag was to uncover evidence of a crime. Because this search was made without a warrant, and under circumstances that do not fall within any of the exceptions to the warrant requirement of the Fourth Amendment, the fruits of the search must be excluded from evidence.
Accordingly, the trial court was in error in refusing to suppress the introduction of the cocaine as evidence. The conviction and sentence based thereon must be reversed, and the case remanded for further proceedings consistent with this opinion.
NOTES
[*] Judges Cecil C. Cutrer, Jimmy M. Stoker and Ned E. Doucet, Jr. of the Third Circuit participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Dennis and Watson.