586 So.2d 639 (1991)
STATE of Louisiana
v.
John GREEN, et al.
No. 91-K-1088.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1991.
Harry F. Connick, Dist. Atty., Frederick A. Menner, Jr., Asst. Dist. Atty., New Orleans, for relator.
Donald Donnely, Harahan, for respondent.
*640 Before BARRY, WILLIAMS and PLOTKIN, JJ.
BARRY, Judge.
The State requests a review of the trial court's preliminary hearing determination that there was no probable cause to charge the defendant with cocaine possession. The motion to suppress was granted.
The State argues that the police officers had reasonable cause to stop the defendant as well as two other subjects and to conduct a pat-down search for weapons. The State contends that the pat-down search was justified because the officers were concerned for their own safety.
Officer Dukes testified that on December 20, 1990 at about 9:30 p.m. he and Officer Dieck were in uniform on patrol in a marked vehicle. They received a call from the dispatcher relating to a drug deal in the 3600 block of Desire Street. The officers parked the police car and walked around a building in order to approach the suspects without being seen. Officers Thompson and Martin approached from the other side. The area was known for drug trafficking. From about 12 feet away Officer Dukes observed Cornell Williams walk up to a man named Jones with whom the defendant was standing. Williams handed Jones cash and Jones handed Williams a small object.
The officers knew from experience that a drug transaction had occurred. The four officers approached Williams, Jones, and Green and placed them up against the car to "pat down" for safety reasons. The officers asked Williams what he was clenching in his hand. Officer Dieck saw a rock-like substance in Williams' hand. While Green's hands were on the hood of the car, his right hand opened and dropped a rock-like substance. At that point the officers advised Williams, Jones and Green of their rights and arrested them. The rock-like substances tested positive for cocaine.
Nineteen dollars and 18 rocks of cocaine were confiscated from Mr. Jones. One rock of cocaine was taken from Williams' right hand and the defendant had placed one rock of cocaine on the hood of the car.
Officer Dukes stated that he observed all of the men standing in a group together and witnessed the drug transaction. Officer Dukes stated that they had originally intended to question the three men, but after observing the drug transaction the officers detained the men and did a patdown search for safety reasons.
Property cannot be legally seized if it was abandoned pursuant to an infringement of the person's property rights such as an illegal search. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, 434 So.2d 389 (La. 1983). The issue is whether the police officers were justified in conducting a pat-down search of the defendant for safety reasons. That search precipitated the defendant's placing of the rock cocaine on the hood of the car. Whether the cocaine was legally seized depends on whether the officers' actions were justified.
The officers had received a call that a drug transaction was occurring at that location. They observed Jones and the defendant when Williams walked up and made his purchase. Williams, Jones and the defendant were all together. After the officers observed the drug transaction, they had probable cause to arrest Williams and Jones and conduct a full search incident to those arrests. Officers Duke and Dieck were justified in patting down the suspects for the safety of the officers.
Because the defendant was with Williams and Jones during the drug purchase in a high drug trafficking area, the officers were justified under these circumstances to conduct a pat-down search of the three men under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See State v. Landry, 393 So.2d 713 (La.1981). Therefore, the seizure of the cocaine which the defendant abandoned because of that justified pat-down search was legal.
The trial court erred by granting defendant's motion to suppress. The trial court also erred by ruling that there was no *641 probable cause to charge the defendant with possession of cocaine in light of the fact that he abandoned the cocaine on the hood of the car.
We grant the writ application, reverse the two rulings, and remand for further proceedings.
WRIT GRANTED; REVERSED; REMANDED.