694 So.2d 503 (1997)
STATE of Louisiana
v.
Marcus EDDIE
No. 96-K-2787.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1997.
Harry F. Connick, District Attorney, Mimi Nguyen, Assistant District Attorney, New Orleans, for Relator.
*504 Before KLEES, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
We grant this writ application filed by the State of Louisiana to determine the correctness of a trial court ruling granting the defendant-relator's motion to suppress the evidence. For the following reasons, we now reverse.
The defendant, Marcus Eddie, was charged by bill of information with one count of illegal possession of diazepam, in violation of La. R.S. 40:969(C). The defendant pled not guilty. After a hearing, the trial court granted the defendant's motion to suppress the evidence. The State now seeks relief from that ruling.[1]
On May 7, 1996, Officer Randy Lewis was conducting surveillance in the Lafitte Housing Project as part of his duties with the ATF Task Force. He was in a non-traditional unmarked police car. From only a few feet away, in the rear driveway of North Johnson Street, he observed three men standing together talking. One of the men was the defendant. Another person approached them on foot and engaged in a drug transaction with one of the men wherein money was exchanged for crack cocaine. The officer did not see the defendant participate in the drug transaction nor was there any conversation between the drug buyer and seller. After witnessing the transaction, Officer Lewis notified the other members of the task force, giving them the location and description of the subjects. As one of the back-up units entered the rear driveway, the defendant ran through the courtyard onto Orleans Avenue where he began walking toward Galvez. Officer Lewis followed in his vehicle and called for a marked unit to assist. As the marked unit, being driven by an Officer Scheuermann came into the defendant's sight, Officer Lewis observed the defendant put his hand to his mouth. Based on his experience, Officer Lewis believed that the defendant was trying to ingest or destroy cocaine. Officer Lewis then relayed this additional information to his back-up and instructed them to stop the defendant. Officer Scheuermann, who had not witnessed the defendant place something in his mouth, effected a stop of the defendant as requested by Officer Lewis. Officer Herbert Warren assisted in the stop of the defendant. While Officer Scheuermann communicated with Officer Lewis by radio, Officer Warren stayed with the defendant. The defendant informed the officer that he had some pills in his mouth, took them out, and placed them on a window sill. The officers recognized the pills as valium and placed the defendant under arrest.
The trial court suppressed the evidence which the defendant removed from his mouth. The court stated that it did so because it believed the stop of the defendant was unconstitutional. The court felt that the defendant was free to walk away from the police and had done so before he placed anything in his mouth. The State argued that the fact that the defendant was present during a narcotics transaction gave rise to reasonable suspicion and thus, the officers were justified in conducting an investigatory stop. During that stop, the defendant voluntarily stated that he had drugs and produced them for the officers. The court disagreed, saying that being present during the drug transaction, in which the defendant clearly did not participate, was not sufficient. Furthermore, in the court's opinion, leaving the "scene" of the crime of narcotics transaction by running upon sight of the police did not give rise to a justification for the stop.
In State v. Green, 586 So.2d 639 (La.App. 4th Cir.1991), a case with almost identical facts, police officers on patrol in a marked vehicle received a call of a drug deal. The officers parked their vehicle out of sight and walked to the location so that they would not be seen. When they were within approximately twelve feet, they observed the defendant standing with a man named Jones. Jones was approached by another person and a drug transaction occurred. As in the instant case, the defendant did not participate in the transaction. Nevertheless, the officers approached all of the men and placed them against a car in order to do a frisk for *505 weapons. The drug buyer had a rock of cocaine concealed in his hand. The defendant, while his hands were on the car, opened his right hand and dropped the cocaine. Green was then placed under arrest. The trial court suppressed the evidence. This court reversed, stating:
Because the defendant was with Williams and Jones during the drug purchase in a high drug trafficking area, the officers were justified under these circumstances to conduct a pat-down search of the three men under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See State v. Landry, 393 So.2d 713 (La.1981). Therefore, the seizure of the cocaine which the defendant abandoned because of that justified pat-down search was legal.
State v. Green, 586 So.2d at 640.
Under the reasoning and holding in Green, the evidence in the instant case was not unconstitutionally seized. The defendant was one of three individuals present when a drug transaction occurred. He fled when the police appeared at the scene of the transaction. The testimony indicates that an investigatory stop of the defendant was imminent at this point. Under Green, that investigatory stop was lawful because the officers had reasonable suspicion to believe the defendant was committing, had committed, or was about to commit a crime. See La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). On top of that, when the defendant saw another unit, he placed his hand to his mouth in a gesture which Officer Lewis in his experience recognized as being consistent with drug concealment. This added to the reasonable suspicion which the officers already had. When the officers finally effected a stop of the defendant, before he was placed under arrest, the defendant voluntarily produced the contraband. Under these circumstances, the police were justified in seizing the evidence and arresting the defendant.
For the foregoing reasons, we grant the relator's writ application, reverse the judgment of the trial court and remand this case for further proceedings.
WRIT GRANTED; REVERSED; REMANDED.
NOTES
[1] On February 6, 1997, the defendant was ordered to respond to the relator's writ application within ten days. He failed to respond.