591 So.2d 1328 (1991)
STATE of Louisiana
v.
Sidney GANIER.
No. 91-K-1740.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
*1329 Harry F. Connick, Dist. Atty., Patrick Wade Kee, Asst. Dist. Atty., New Orleans, for relator.
Linda Nuss, New Orleans, for respondent.
Before SCHOTT, C.J. and BARRY and WARD, JJ.
SCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of the trial court's grant of respondent's motion to suppress evidence. The issues before us are whether the trial court improperly suppressed the evidence in light of California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), and whether the Louisiana constitution provides greater protection from unreasonable search and seizure than the federal constitution, thereby limiting the applicability of Hodari D.
While patrolling the Florida Housing Project in a marked unit Officer Charles Posey witnessed an unknown male walking from a driveway toward the police car. Upon seeing the police car, the subject turned and began to walk away and then to run. Officer Posey got out of the car and chased the subject into a nearby hallway where he saw respondent throw down a white rock. After retrieving the white rock Officer Posey found respondent crouching in a corner of the upstairs hallway. He arrested respondent and charged him with possession of crack cocaine.
In Hodari D., as police were patrolling in a high crime area in an unmarked unit they came upon four or five youths huddled around a parked car. They fled as the police car approached and the police gave *1330 chase. When one of the officers approached Hodari he threw away what appeared to be a small rock which later proved to be crack cocaine. Hodari was tackled, handcuffed, and searched. The police found $130.00 and a pager. The court specifically rejected Hodari's argument that a show of authority constituted a seizure as it did not cause Hodari to stop. Therefore, the crack cocaine was admissible because it was abandoned and lawfully recovered by police.
In reaching this conclusion, the court did not address the question of whether the police had reasonable suspicion to conduct an investigatory stop of Hodari and the other youths. However, in footnote # 1, 111 S.Ct. at pg. 1549 the court stated: "California conceded below that Officer Pertoso did not have the reasonable suspicion required to justify stopping Hodari.... That it would be unreasonable to stop, for brief inquiry, young men who scatter in panic upon the mere sighting of the police is not self-evident, and arguably contradicts proverbial common sense."
The Fourth Amendment to the federal constitution and Article 1 Section 5 of the Louisiana constitution, protect an individual against unreasonable search and seizure. However, the purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizen. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A police officer has the right to conduct an investigatory stop when he has a reasonable suspicion that a person has been, is, or is about to be engaged in criminal conduct. C.Cr.P. art. 215.1(A). He may demand the suspect's name, address, and an explanation of his actions after which time the suspect is free to walk away. Although flight at the sight of a police officer is by itself insufficient to justify an investigatory stop, this type of conduct may be a factor which contributes to a finding of reasonable cause to stop. Belton at 1198. That the place is known to be a high crime area is also a contributing fact upon which a police officer can rely and is relevant in a determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ denied 578 So.2d 131 (La.1991).
Taking these two factors into account, we find that an investigatory stop was reasonable in this case. Housing projects within the City of New Orleans are known to be high crime areas and centers for drug activity. Drug activity and crimes which it generates have become a major problem endangering innocent people and severely taxing police resources. Although an innocent individual who has nothing to hide from police might flee so that such flight would be irrational, the action of fleeing in itself is inherently suspicious and justifies an investigation by a police officer exercising common sense. This is not the case of a man merely standing on a street corner who is detained by the police simply because he is there.
We recognize that the Louisiana Constitution establishes a specific right of privacy and protects against unreasonable searches and seizures. But the arguably higher standard of liberty embodied in our State constitution does not affect the outcome of this case. Under the present circumstances, police intrusion upon respondent's right of privacy was minimal: name, address, and an explanation, after which he was free to leave. When he fled the conduct of the police was not unreasonable and was wholly in accord with common sense. Since respondent was not under seizure he abandoned his crack cocaine and the officers were justified in retrieving it.
Accordingly, the judgment of the trial court is reversed, the motion to suppress is denied, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
WARD, J., concurs.
WARD, Judge, concurs.
Respondent was given two months to present a response or argument as to why *1331 California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 should not apply. Respondent has failed to do so, and for this reason I would reverse the Trial Court's decision to suppress the evidence and grant the State's writ.