591 So.2d 1348 (1991)
STATE of Louisiana
v.
Gary RILEY.
No. 90-KA-1288.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
*1349 Harry F. Connick, Dist. Atty., Scott Gardner, Asst. Dist. Atty., New Orleans, for appellee.
Helen G. Berrigan, Gravel, Brady & Berrigan, New Orleans, for appellant.
Before BARRY, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Gary Riley, was charged by bill of information with possession of cocaine, a violation of R.S. 40:967C. Defendant filed a motion to suppress three plastic bags containing cocaine that he had discarded while attempting to avoid an investigatory stop. The trial court denied defendant's motion. Following a jury trial, defendant was found guilty as charged and the trial court sentenced him to serve five years at hard labor and ordered him to pay court costs of $159.00 or serve an additional thirty days in jail. Defendant appeals his conviction and sentence, raising two assignments of error.
On October 13, 1989 police officers Gus Bethea and Dwight Rousseve were on a routine patrol of the Pauger Street and North Villere Street area, in a marked police *1350 vehicle, when they observed the defendant and two other males huddled together. When the officers neared the subjects, all three simultaneously noticed the officers and disbanded, fleeing the area. Officer Rousseve recognized the defendant, yelled out "Gary, stop!" and then observed the defendant reach into his pocket and discard three plastic objects as he trotted away. Officer Rousseve retrieved the dropped articles which he recognized as containing cocaine and advised his partner, who did a protective pat-down of the other two subjects and put them in the rear seat of the vehicle.
The officers then reentered the vehicle themselves and pursued the defendant. They lost sight of him about four blocks away from the location of the attempted stop, when he went into an alley. Officer Bethea then proceeded to chase the defendant on foot and located him. A scuffle ensued. Officer Rousseve caught up with them and assisted Officer Bethea in arresting the defendant.
At trial the defendant stipulated that the substance in the three plastic bags was cocaine, relieving the State of that element of proof. He testified at trial that he was sitting on a porch step when he saw the officers put the other two men in the car. He then started to walk off "because of them always arresting me every time they see me." The defendant further testified that he stopped when ordered but that the officers had pushed him into the alley, hitting him in the head with brass knuckles. He denied having cocaine in his possession that evening.
A review of the record for errors patent reveals that there are none.
As his first assignment of error, the defendant argues that the arresting officers did not have reasonable cause to conduct an investigatory stop and that the property abandoned as a result of the stop was not lawfully seized.
It is well settled that property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. If, however, property is abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. It is only when the citizen is actually stopped without reasonable cause or when a stop is imminent that the "right to be left alone" is violated, thereby rendering unlawful any resultant seizure of abandoned property. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The Louisiana Code of Criminal Procedure Art. 215.1 provides that a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense. Reasonable suspicion required for an investigatory stop is something less than probable cause required for an arrest. The reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Mere suspicion of criminal activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982); State v. Lightfoot, 580 So.2d. 702 (La.App. 4th Cir.1991).
In Belton the Louisiana Supreme Court stated:
"The totality of the circumstances, `the whole picture,' must be considered in determining whether reasonable cause exists. (Citations omitted). Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, ... this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause." Id. at 1198. (Citations omitted).
*1351 In the instant case, defendant and two other suspects were standing at a location known to the experienced police officers to be a place for routine drug related activity. The arresting officers testified that they had previously made several arrests at that location for drug related offenses as well as for several murders. They further testified that they had watched the three subjects and observed them engage in what the officers believed to be a drug transaction. When the suspects saw the marked police vehicle approaching them, they split up and began to flee the area. When Officer Rousseve recognized the defendant from previous arrests and ordered him to stop, the defendant reached into his pocket and threw away the three plastic bags containing cocaine as he fled. Officer Rousseve also testified that he feared the defendant may have had a gun on his person when he reached into his pocket. Considering the totality of these circumstances, we find the police officers had reason to suspect the defendant had committed, was committing or was about to commit a crime. The officers were reasonably entitled at that time to conduct an investigatory stop and detain the defendant and the other two suspects for questioning.
Furthermore, we find that the decision of the United States Supreme Court in California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), is applicable to the instant case. In Hodari D., the defendant was standing with a group of other young men in a high crime area when they were approached by a uniformed police officer. Upon seeing the police, the defendant fled and discarded the contraband during flight. Unlike the present case, in Hodari D., the State conceded that the officers lacked reasonable cause to pursue the defendant. The only question remaining was whether or not the defendant was seized within the meaning of the Fourth Amendment. If so, the contraband discarded as a result was fruit of an illegal search and must be excluded. If not, the contraband was abandoned and could be lawfully recovered. The Supreme Court held that where there is an application of physical force, however slight, there is a seizure, even though the subject does not yield. The Court further held that, absent physical force a seizure is effected where there is submission to a show of authority. Thus, property abandoned by a defendant who is fleeing the police is subject to lawful seizure for Fourth Amendment purposes because it was abandoned prior to the stop or seizure of the person. Applying this standard to the facts of the instant case, we find that there was no seizure of the defendant's person and the three abandoned bags of cocaine were lawfully seized. We therefore find that the trial judge did not err in denying defendant's motion to suppress the evidence.
As his second assignment of error, defendant claims the trial court erred in imposing jail time in default of payment of costs, as he is an indigent. This assignment has merit.
It is unconstitutional to impose a fine or costs upon an indigent defendant, in default of which jail time must be served. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986). Representation by the Orleans Indigent Defendant Program indicates indigency. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985).
The record in this matter reflects that the defendant was represented by appointed counsel throughout the proceedings. We therefore find the trial court erred in imposing additional jail time in lieu of payment of court costs.
Accordingly, for the above reasons defendant's conviction is affirmed. We amend defendant's sentence to delete that portion imposing additional jail time in default of payment of court costs, and, as amended, the sentence is affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED, AS AMENDED, AFFIRMED.