600 So.2d 911 (1992)
STATE of Louisiana
v.
Gary WALKER.
No. 91-KA-1567.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
*912 Harry F. Connick, Dist. Atty. of Orleans Parish, Jack Peebles, Asst. Dist. Atty. of Orleans Parish, New Orleans, for State/appellee.
William Noland, New Orleans, for defendant/appellant.
Before BARRY, KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant, Gary Walker, was charged by a bill of information with "willfully and unlawfully possess [sic] with intent to distribute a controlled and dangerous substance, to wit: CRACK, (COCAINE)." The jury found him guilty of attempted possession of cocaine with intent to distribute. He pled guilty to a multiple bill as a second offender and was sentenced to serve 15 years at hard labor.
On October 9, 1990, at or about 5:00 a.m., New Orleans Police Officers Dwayne Carkum and Steve Gaudet were patrolling on North Villere Street in New Orleans in a marked police vehicle. Driving westbound and approaching the intersection of North Villere and Laharpe Streets, the officers noticed someone walking near the intersection, although a complete view of this person was obstructed by a large truck. As the truck passed, the officers observed the defendant, who upon seeing the police officer, panicked, dropped a plastic bag and proceeded to run eastbound toward St. Bernard Avenue.
The defendant was subsequently apprehended by Officer Carkum, while Officer Gaudet retrieved the plastic bag. According to the officers, the plastic bag contained approximately twenty (20) smaller bags of a white, rock substance, believed to be crack cocaine. The defendant was then placed under arrest and advised of his rights. Upon searching the defendant, Officer Carkum recovered approximately $248 in cash from the defendant's pants' pocket. Officer Michael Glasser, recognized by the Court as an expert in the packaging and street sale of crack cocaine, testified that the crack recovered from the defendant appeared to be twenty dollar/dose units of crack, and that the currency taken from the defendant would be consistent with retail street sales.

ERRORS PATENT
An error patent exists in the record. The minute entry states that the defendant was found guilty of "attempted possession of cocaine." The verdict sheet returned by the jury reflects that the jury found the defendant, "Gary Walker, guilty of attempted possession of cocaine with intent to distribute." The defendant has not raised the issue of illegal sentence.
However, the State's multiple bill charge forms allege that the defendant was found guilty of attempted possession with intent to distribute crack cocaine. The defendant pled guilty to the multiple bill charge. The defendant's sentence was appropriate, as a second felony offender, pursuant to R.S. 15:529.1. The error patent is harmless.
*913 In his first assignment of error, the defendant maintains that the trial court erred in denying his Motion to Suppress Evidence. He argues that: (1) only Officer Carkum gave testimony at the hearing of defendant's Motion to Suppress Evidence; and, (2) Officer Carkum was not the officer who made the seizure of the crack cocaine.
A review of the transcript of the hearing clearly illustrates that both officers testified regarding the seizure of the cocaine and that Officer Gaudet's testimony was consistent with the testimony offered by Officer Carkum. Furthermore, it is a well established principle of criminal law that a seizure made after abandonment and before a stop, as in this case, is constitutionally permissible. California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); See State v. Williams, 596 So.2d 399 (La.App. 4th Cir.1992); State v. Granier, 591 So.2d 1328 (La.App. 4th Cir. 1991). This assignment is without merit.
As a second assignment, the defendant alleges that the trial court erred in failing to grant his Motion to Quash the Bill of Information based on the fact that the Bill of Information contains the term "crack," which is not listed as a controlled substance under Louisiana Revised Statute, 40:964. As such, the defendant maintains that the Bill of Information "fails to charge an offense which is punishable under a valid statute."
The bill of information specifically charges the defendant with possession with intent to distribute "crack (cocaine)." L.C.Cr.P. art. 464 states that, "[T]he indictment (or information) shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Furthermore, Article 477 explains that the words and phrases used in an indictment or bill of particulars are to be construed according to their usual meaning and acceptation.
The bill of information which charged the defendant with possession with intent to distribute crack cocaine is unambiguous. The fact that the type of cocaine that the defendant possessed was included in the bill of information further informs the defendant of the criminal charges brought against him, and R.S. 40:864 includes cocaine as a contraband substance. The inclusion of the words "crack cocaine" in the bill of information does not render the bill of information invalid. This assignment is meritless.
In his final assignment of error, the defendant contends that the State failed to prove every essential element of the crime charged beyond a reasonable doubt; specifically, the defendant asserts that the state failed to prove that he possessed "specific intent to distribute or attempt to distribute" a controlled dangerous substance.
In reviewing the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, reh'g. den., 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987); State v. Andrews, 452 So.2d 687 (La.1984); State v. Jarman, 445 So.2d 1184 (La.1984); State v. Shapiro, 431 So.2d 372 (La.1983). This standard is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983). As a result, the facts established by direct evidence and inferred from the circumstantial evidence must be sufficient for a rational fact-finder to conclude beyond a reasonable doubt that the defendant was guilty of every element of the crime. State v. Hines, 465 So.2d 958 (La. App. 2d Cir.), writ den., 467 So.2d 536 (La.1985).
Regarding the defendant's allegation that the State failed to prove any "specific intent," the Louisiana Supreme Court, in State v. Marcello, 385 So.2d 244 (La.1980), defined specific intent as the "state of mind which exists when the circumstances indicate that the offender actually desired and prescribed criminal consequences to follow his act or failure to act." Id. at 245. See also, LSA-R.S. 14:10. In the instant matter, the defendant maintains that the State *914 can only show intent through weak circumstantial evidence; however, Louisiana jurisprudence has held that specific intent need not be proved as fact but may be inferred from the circumstances. State v. Cryer, 564 So.2d 1328, 1330 (La.App. 4th Cir.1990); State v. Robinson, 544 So.2d 444, 448 (La. App. 4th Cir.), writ den., 550 So.2d 626 (La.1989); State v. Shapiro, supra, at 378; State v. Graham, 420 So.2d 1126, 1127 (La.1982); State v. Boyer, 406 So.2d 143, 150 (La.1981).
The testimony of Officers Gaudet and Carkum established that the defendant was disposing of numerous individually-packaged doses of crack cocaine, upon seeing the officers. Furthermore, the State's expert testified that the cocaine found on the defendant, the packaging of the cocaine, and the amount of currency found on the defendant, are all consistent with street-level retail sales of crack cocaine.
In State v. Shapiro, supra, the Louisiana Supreme Court held that:
[W]here there is direct evidence (as for instance a witness, or several, to the crime itself) the trier of fact weighs the credibility of that evidence, and the reviewer under Jackson v. Virginia defers to the trier of fact, assuming the proven facts most favorable to the state. 431 So.2d, at 384.
Considering the facts established by the testimony of the prosecution witnesses and the direct evidence offered by the State, there is ample support for a jury to find, beyond a reasonable doubt, that the defendant harbored the requisite specific intent. As such, this assignment is meritless.
The conviction and sentence of Gary Walker is affirmed.
AFFIRMED.