CIACCIO, Judge.
On the application of the State, we grant certiorari in order to consider the judgment of the trial court granting defendant’s motion to suppress evidence.
Defendant, Kenneth DeGruy, was charged with being a felon in possession of a firearm, a violation of LSA-R.S. 14:95.1. He was arraigned and plead not guilty. Defendant filed a motion to suppress an AK-47 assault rifle seized following an investigatory stop. On January 16, 1992, a hearing was held before Judge Miriam Waltzer on the motion to suppress the evidence. Judge Waltzer took the matter under advisement, asking that defense counsel prepare a memorandum for the trial court relevant to probable cause in a motion to suppress matter. In the interim, Judge Waltzer was elected to this court and Willard W. Hill, Jr. was appointed to fill the vacancy in Section “A” of Criminal District Court for the Parish of Orleans. On May 7, 1992, Judge Pro Tempore Hill granted defendant’s motion to suppress the evidence. The State filed an application for supervisory writs seeking review of that ruling. At our request, defendant filed a response to the state’s writ application.
At approximately 8:25 p.m. on September 27, 1990, Officers Kelly and Wehmeier were on routine patrol when they saw an Oldsmobile and a Plymouth parked close together in the 3300 block of Lafitte Street. As the officers passed the Oldsmobile, they noticed a man standing next to the first car they encountered. Officer Kelly saw the man take something that resembled a gun out of his waistband and throw it into the grass near the sidewalk. The man then went to use a pay telephone which was located across the street. As the officers passed the Plymouth, which was parked directly behind the Oldsmobile, they saw two men getting out of the front seat of the car. The officers drove into the next block, turned around, and drove back to the two cars. The officers parked behind the Plymouth and saw a man exit the driver’s seat and the defendant, Kenneth Degruy, exit the back seat.
Because the officers had seen the first man discard a gun and because they believed that the men from the two cars were together, the officers detained all five men and conducted patdown searches. Officer Kelly then walked to the area where he saw the gun fall and retrieved a 9 mm. Beretta handgun. At that point, another officer arrived. Because the Oldsmobile’s engine was still running, Officer Kelly *136 went to the car to shut it off. As he leaned into the car, he saw a chrome Smith and Wesson revolver lying on the front seat of the car. He also saw a Uzi lying on the front floorboard of the car. Officer Kelly seized both of these weapons. Believing that the other car might also contain weapons, Officer Kelly got his flashlight and shined it into the Plymouth. Lying on the back seat was a blue canvas bag, out of which appeared to be the handle of an army-type gun. Officer Kelly retrieved the bag and found it contained an AK-47 assault rifle. In the front of the car Officer Kelly also found another Smith and Wesson gun and another 9 mm. gun.
The men were arrested, and a computer check revealed that the defendant had a prior felony narcotics conviction.
Because there is no transcript of the lower court’s ruling, it is unclear why the trial judge granted the defendant’s motion to suppress. The defendant and his companions were initially detained because the officers saw the man standing next to the Oldsmobile throw down a gun as the officers passed by him, and the officers believed that the men in the Plymouth were with that man.
The Louisiana Code of Criminal Procedure Art. 215.1 provides that a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense. Reasonable suspicion required for an investigatory stop is something less than probable cause required for an arrest. The reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Mere suspicion of activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874 (La.1982).
In the instant case, the officers saw the man standing next to the Oldsmobile throw down what appeared to be a gun when the officers drove past him. As such, the officers had reasonable suspicion of criminal activity to stop and detain that man. Officer Kelly testified that he and his partner believed the men in the Plymouth were with that man because the Plymouth was parked right behind the Oldsmobile, two of the men had exited the car as the officers passed them, and the men in or around the Plymouth appeared to be waiting for the man from the Oldsmobile, who went across the street to use a pay telephone after he had discarded the gun. It was this suspicion that led the officers to detain the men in the Plymouth.
Our next inquiry is whether the officers’ suspicion that the men in the Plymouth were connected with the man who threw down the gun was reasonable.
In State v. Green, 586 So.2d 639 (La.App. 4th Cir.1991), the defendant was seen in the company of two other men who officers observed engage in a suspected drug deal. The officers detained all three men, including the defendant who had not been seen doing anything illegal, and conducted pat-down searches of all three. Pursuant to this search, the defendant dropped a rock of crack cocaine from his hand. The trial court suppressed this evidence, but on writs, this court reversed the trial court, finding that the officers had probable cause to conduct full searches of the other two men, and that under the circumstances, they were also justified in detaining and conducting the patdown search of the defendant because he was with the other two men who were observed engaging in illegal activity.
The gun found in the grass was properly seized pursuant to the abandonment exception to the warrant requirement. The officers were merely driving past the man standing next to the Oldsmobile when he took the gun out of his waistband and threw it into the grass. Thus, because there was no seizure of him or submission by him to police authority which precipitated his abandonment of the gun, the officers were justified in retrieving it. See State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 *137 (1984); State v. Andrishok, 434 So.2d 389 (La.1983); State v. Willie Williams, 596 So.2d 399 (La.App. 4th Cir., 1992); State v. Riley, 591 So.2d 1348 (La.App. 4th Cir.1991).
Having found the gun, Officer Kelly determined there was probable cause to arrest the man who threw it down. It was when the officer entered the Oldsmobile the man had been standing next to that he saw the two guns lying in plain view on the seat and on the floorboard. For evidence to be seized under the “plain view” exception to the warrant requirement, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparently without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982). See also State v. Taylor, 531 So.2d 1137 (La.App. 4th Cir.1988). In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found “inadvertently” in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.
The guns found in the Oldsmobile were inadvertently discovered when Officer Kelly entered the car to turn off the engine, and they were both lying in plain view when discovered. The officers had found the gun which the man standing next to the Oldsmobile had abandoned, and they had probable cause to arrest him for its possession. The engine of the Oldsmobile was still running, and there was no one else in the car. Given these factors, Officer Kelly had justification for entering the car to turn off the engine, especially in light of the fact that the officers had probable cause to arrest the sole person seen near the car, the man who threw down the gun. Thus, the guns were lawfully seized from the Oldsmobile.
Officer Kelly testified that he decided to look inside the Plymouth, the car from which the defendant exited, because the Plymouth was parked directly behind the Oldsmobile; the men in and around the Plymouth had appeared to be watching the man who threw down the gun as he walked across the street to use the telephone; he had already retrieved three guns, one from the grass and two from the Oldsmobile; and he suspected that there may have been more weapons inside the Plymouth. In light of these articulated facts and surrounding circumstances, it was late evening, the dangerous area of the Lafitte Housing Project known to the officers for heavy drug trafficking and other crimes, the fact that there were only three police officers and five suspects, we find that the detaining officers could have reasonably suspected that the defendant and the other suspects from the Plymouth were associated or connected with the suspect who had thrown down the gun.
Officer Kelly further testified that he walked to the car, shined a flashlight inside, and saw a canvas bag on the back seat, out of which protruded the handle of an army-type gun. Thus, the AK-47 rifle was also found in plain view. In State v. Gervais, 546 So.2d 215, 219 (La.App. 4th Cir.1989), this court stated: “Whatever is discovered by shining a flashlight into a vehicle at night is considered to be in plain view.” State v. Edsall, 385 So.2d 207 (La.1980). See also State v. Williams, 588 So.2d 1239 (La.App. 1st Cir.1991), writ den. 592 So.2d 1333 (1992), and State v. Wright, 562 So.2d 1192 (La.App. 5th Cir.1990), where both courts found that the mere illumination of a car’s interior with a flashlight violated no rights of a defendant.
Having seen the handle of the AK-47 rifle, Officer Kelly was entitled to enter the car and search it. Such entry was justified under the “exigent circumstances automobile” exception to the warrant requirement. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); State v. Tatum, 466 So.2d 29 (La.1985); State v. Lecompte, 441 So.2d 249 (La.App. 4th Cir.1983), writ den. 446 So.2d 314 (1984).
*138 Here, Officer Kelly had observed the handle of the AK-47 rifle protruding from the canvas bag. Thus, he had probable cause to believe the car contained a gun, and upon opening the bag and finding the gun, he had probable cause to believe there might be other guns in the car. Thus, the seizure of the other two guns from the front seat of the car was also valid. We therefore, conclude that the trial judge erred in granting defendant’s motion to suppress the evidence.
Accordingly, the judgment of the trial court is reversed. Defendant’s motion to suppress is denied. The case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.