613 So.2d 807 (1993)
STATE of Louisiana
v.
Aubrey HARRIS.
No. 92-K-2754.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Rehearing Denied March 10, 1993.
Arcenious F. Armond, Jr., Gretna, for defendant.
Harry F. Connick, Dist. Atty., Lisa Lavie, Asst. Dist. Atty., Maurice E. Landrieu, New Orleans, for plaintiff.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.

ORDER
CIACCIO, Judge.

Writ Granted
The State of Louisiana seeks review of the trial court's grant of defendant's motion to suppress the evidence. The issue before us is whether the suppression of evidence was proper in light of California v. Hodari D., ___ U.S. ____, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) and its Louisiana *808 progeny. For the reasons stated below, we reverse the judgment of the trial court.
While on routine patrol in a marked police car near the intersection of N. Prieur and France Streets in the Fifth District in New Orleans, Police Officers Derrick Fricke and Clarence Gillard noticed two black males in front of an abandoned building during a rainstorm. One of the men, Lionel Johnson, was in a wheelchair, and the other was later identified as Aubrey Harris, defendant. This was an area known to the officers for high incidences of drug trafficking, and the officers decided to return to investigate. Upon returning to the area, the officers observed defendant walking on France Street to meet a third man, while the subject in the wheelchair remained on the corner.
Officer Gillard exited the vehicle and detained Johnson while Officer Fricke drove up to Harris and got out of the car. Upon seeing the officer, Harris immediately turned and began running back toward the corner. Officer Gillard then began running toward him, and observed Harris turn into an alleyway, pull an object out from under his shirt, and throw it up into the air. The object landed on the roof of an adjacent building.
Officer Gillard chased and apprehended Harris, placed him under arrest for trespassing and obstructing a public passage, and advised him of his rights. The officer then climbed onto the roof of the building where Harris had thrown the object, and he retrieved a .38 caliber gun. Harris was then arrested for carrying a concealed weapon and again advised of his rights. The officers searched him incident to this arrest and found three .38 caliber rounds which matched those found in the gun. All three men were placed in the police car and Harris admitted the gun was his. A computer check revealed that Harris was on parole, and Harris was re-arrested for being a convicted felon in possession of a firearm and was again advised of his rights.
Following a hearing on defendant's motion to suppress, the trial court found the gun was inadmissible as evidence as it had been unlawfully seized by the police officers.
It has long been held that property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. However, if property is abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In the present case, the defendant threw the gun up onto the roof as he was being chased by the officers.
In its application, the State argues that because he had not yet been caught by the officers and thus had not submitted to their authority when he abandoned the gun, the officers could lawfully seize the gun, citing California v. Hodari D., ___ U.S. ____, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)
In Hodari D., officers patrolling in a high crime neighborhood spotted a group of youths who fled on foot upon seeing the officers. One officer chased the accused and saw him toss down a small rock that the officer believed might be crack cocaine. Only then did the officer tackle Hodari D. and restrain him. The court rejected Hodari's argument that the officers' show of authority by arriving on the scene constituted a seizure as it did not cause Hodari to stop. Therefore, the crack cocaine was admissible because it was abandoned and lawfully recovered by police.
Louisiana courts have applied the holding of Hodari D. in cases with factual situations similar to the present case. In State v. Ganier, 591 So.2d 1328 (La.App. 4th Cir.1991), Officer Charles Posey witnessed an unknown male walking from a driveway in the Florida Housing Project toward his marked police vehicle. Upon seeing the police car, the subject turned and began to run away; Officer Posey chased the subject and saw him throw down an object *809 which was later found to be crack cocaine. The Ganier court, applying the holding in Hodari D., found that the subject was not under seizure when he abandoned the cocaine and the officers were justified in retrieving it. In so holding the court stated:
Housing projects within the City of New Orleans are known to be high crime areas and centers for drug activity. Drug activity and crimes which it generates have become a major problem endangering innocent people and severely taxing police resources. Although an innocent individual who has nothing to hide from police might flee so that such flight would be irrational, the action of fleeing in itself is inherently suspicious and justifies an investigation by a police officer exercising common sense. This is not the case of a man merely standing on a street corner who is detained by the police simply because he is there.
State v. Ganier, 591 So.2d at 1330.
In the present case, defendant and another individual were standing in front of an abandoned building during a rainstorm in an area known to be a place for routine drug related activity. Officer Guillard testified that the location had the highest incidents of drug related activity within the Fifth District. When the officers circled the block and returned to the location, defendant had begun to walk out into the rain toward another individual. When defendant saw the police officer, he turned and began to run.
A police officer has the right to conduct an investigatory stop when he has a reasonable suspicion that a person has been, is, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1(A). Although flight at the sight of a police officer is by itself insufficient to justify an investigatory stop, this type of conduct may be a factor which contributes to a finding of reasonable cause to stop. That the place is known to be a high crime area is also a contributing fact upon which a police officer can rely and is relevant in a determination of reasonable suspicion. State v. Ganier, supra, at 1330.
We find that an investigatory stop was reasonable in this case where defendant was standing in front of an abandoned building in an area known for heavy drug trafficking, and subsequently walked into the rain to meet a third man. Further, we do not find the conduct of the officers in chasing the fleeing defendant to be unreasonable. Since defendant was not yet under seizure when he fled and abandoned the gun, the officers' retrieval of it was proper.
Accordingly, the judgment of the trial court is reversed, the motion to suppress is denied, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
ARMSTRONG, J., concurs with reasons.
WALTZER, J., dissents with reasons.
ARMSTRONG, Judge, concurring:
I concur in the majority's reversal of the trial court's ruling based on the decision by the U.S. Supreme Court in California v. Hodari D., ___ U.S. ____, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).
WALTZER, Judge, dissenting.
I would deny the relief sought by petitioner's application and would affirm the trial judge's granting of defendant's motion to suppress the evidence. Under the Louisiana Constitution, a seizure occurs when an officer displays a show of authority which would cause a reasonable person to believe that detention is imminent, regardless of whether physical force has been applied or whether the person has submitted to a show of authority. State v. Belton, 441 So.2d 1195 (La.1983); State v. Hernandez, 410 So.2d 1381 (La.1982); State v. Tucker, 604 So.2d 600 (La.App.2d Cir.1992). When a seizure occurs without reasonable suspicion or probable cause, the person's right to privacy is violated, and any evidence retrieved subsequent to the unlawful seizure is inadmissible. Belton, at 1199; State v. Edwards, 530 So.2d 97 (La.App. 4th Cir.1988), writ den., 533 So.2d 19 (La.1988).
*810 In the U.S. Supreme Court case California v. Hodari D., ___ U.S. ____, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), "seizure" under the Federal Constitution occurs only upon physical seizure or actual submission to a show of authority. I do not believe that this Circuit has properly adopted the Hodari D. standard, as each case citing the federal decision has found either that reasonable suspicion existed before the defendant actually submitted to a show of authority or was physically seized; State v. Williams, 596 So.2d 399 (La.App. 4th Cir. 1992); State v. Riley, 591 So.2d 1348 (La. App. 4th Cir.1991); State v. Garnier, 591 So.2d 1328 (La.App. 4th Cir.1991) or that no showing of authority had been made to make a reasonable person believe that detention was imminent State v. Raiford, 600 So.2d 924 (La.App. 4th Cir.1992); State v. Walker, 600 So.2d 911 (La.App. 4th Cir. 1992).
To date our Supreme Court has not held that California v. Hodari D., ___ U.S. ____, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), passes constitutional muster considering the mandate of our Constitution.[1] Nonetheless, the various circuit courts of appeal have already applied its holding as if all prior jurisprudence had been overruled by a case addressing the constitutional provisions of the State of California. Our Constitution affords greater and different protections than both the Federal and California Constitutions. By applying Hodari D. supra, to cases involving seizures of persons without careful analysis of the differences in the respective constitutional mandates, the appellate courts have hopelessly jumbled together the diminished requirements under Hodari D. and the more stringent mandates applied heretofore, when the reviewing courts around the State had to consider whether the police officer had sufficient knowledge of the facts and circumstances to justify infringing on the individual's right to be free. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Belton, 441 So.2d 1195 (La.1983). While Hodari D. stands for the proposition that the person is not "seized" as long as there is no physical restraint, under our Constitution a seizure occurs when an officer displays a show of authority which would lead a reasonable person to believe that detention is imminent, regardless of whether physical force has been applied or whether the person has submitted to a show of authority. Belton, supra; State v. Hernandez, 410 So.2d 1381 (La. 1982); State v. Tucker, 604 So.2d 600 (La. App.2d Cir.1992).
In the case at bar, the majority not only finds that Hodari D. applies, but also finds for good measure, that there were sufficient circumstances to warrant the police to interfere with the defendant's and his companion's privacy rights. I submit that the majority has no need to rely on the diminished requirements of Hodari D. if there was sufficient reasonable suspicion to detain. Conversely, if Hodari D. applies, the requirement of reasonable suspicion is superfluous. The majority decides alternatively, just in case there is not sufficient reasonable suspicion to make the detention stick. I would find that Hodari D. does not apply and that there was no reasonable suspicion to detain.
We are obliged to decide whether in this case Harris' right to privacy has been violated and whether he was constitutionally "seized". In my view, the trial court acted correctly and the motion to suppress should be maintained. The trial court found a) that Hodari D. did not apply; b) that the police could not rely on having reasonable suspicion based on the testimony given at the motion to suppress, (the defendants stood on the street under an overhang of an abandoned house while it rained and the defendant herein started to flee; Harris was arrested for trespass and obstructing *811 a public passage prior to discarding the gun). The trial judge found the actions of the subjects prior to detention consistent with innocent behavior. He further implicitly found that stopping the individuals or coming back to check these citizens was constitutionally invalid. The police officers thought it unusual that the subjects were out in a rainstorm, albeit in a high drug trafficking area. There is nothing unusual about citizens seeking shelter to get out of the rain. The officer, however, found it unusual whether they were hiding from the rain or not. The officer did not have a tip from an informant concerning illegal activity. He saw no illegal or suspicious activity going on. The officer did not know the defendant from a previous encounter or had a warrant for his arrest. When the officer testified, he also admitted that when he returned, Harris was already walking away from the building and down the street. A man in a wheelchair had already been detained. Harris could anticipate that he would also be stopped and ran toward an alley. Before entering the alley he threw an object unto a roof, at which time he was apprehended. Considering this testimony, there was no reasonable suspicion to detain Harris. The trial judge in assessing the reasonableness of such a stop must balance the need to search and seize against the invasion of privacy the search and seizure entails. State v. Flowers, 441 So.2d 707 (La.1983), cert. den., 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984). Where officers do not have the right to make an investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized by police officers. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir.1992).
I believe the interpretations by this circuit before and immediately after Hodari D. of our Constitution, granting greater personal and privacy rights than the Federal Constitution still apply. State v. Patterson, 588 So.2d 392, (La.App. 4th Cir.1991); State v. Edwards, 530 So.2d 97 (La.App. 4th Cir.1988), writ den., 533 So.2d 19 (La. 1988). I would, therefore, defer to the trial judge's finding of no reasonable suspicion in pursuing the defendant, and would affirm the suppression of the handgun, which was retrieved during an unlawful seizure under the Louisiana Constitution.
NOTES
[1] The pertinent article provides:

RIGHT TO PRIVACY. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath of affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.