623 So.2d 952 (1993)
STATE of Louisiana
v.
Allen D. TAYLOR.
No. 93-KA-0307.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1993.
*953 Richard P. Ieyoub, Atty. Gen., Darryl W. Bubrig, Sr., Dist. Atty., 25th Judicial Dist., Pointe-a-la-Hache, and Gilbert V. Andry, III, Asst. District Atty., New Orleans, for plaintiff/appellee.
Peter A. Barbee, Indigent Defender Bd., Pointe-a-la-Hache, for defendant/appellant.
Before SCHOTT, C.J., and BARRY and CIACCIO, JJ.
BARRY, Judge.
The defendant pleaded guilty to possession of cocaine with intent to distribute, La.R.S. 40:967, reserving his right to appeal the denial of his motion to suppress the evidence under State v. Crosby, 338 So.2d 584 (La. 1976). The defendant was sentenced to five years at hard labor.
At the motion to suppress hearing, Deputy Lavergne testified that on May 10, 1992 at 12:50 a.m. he was assigned to operate stationary radar. He clocked the defendant's vehicle at 85 m.p.h. in a 55 m.p.h. speed zone. Deputy Lavergne and his supervisor, Detective Machella, stopped the vehicle. The defendant got out and ran to the front of his truck and squatted down. Deputy Lavergne yelled several times at the defendant to return to the side of the vehicle. The defendant said that he was urinating. The defendant then walked to the side of the vehicle and Deputy Lavergne asked for identification and his driver's license. The defendant did not have a license and was arrested for driving without a license and for speeding. Deputy Lavergne patted the defendant down and found $1,208 in cash and a beeper. The deputy read the defendant his rights and put him into the sheriff's vehicle.
Deputy Lavergne went to the front of the vehicle with a flashlight and did not find urine on the ground. He shined the flashlight on the front of the truck and saw a white sock in the grill. Deputy Lavergne opened the sock and found twelve clear plastic bags of white powder which tested positive for cocaine.
Deputy Lavergne said the defendant was given his rights and made several statements. The defendant declared that a criminal charge was not "going to stick," that he made "$1,000 cash dealing drugs" every day and he would be out of jail the next day. The defendant claimed that he borrowed the truck.
The defendant claims the sock and its contents should have been suppressed because the sock was not under his immediate control and the seizure does not fall under the plain view doctrine or automobile exception.
A search and seizure without a warrant issued on probable cause is per se unreasonable subject to certain exceptions. State v. Raheem, 464 So.2d 293 (La.1985). For evidence to be seized under the plain view doctrine, there must be a prior justification for the police intrusion into a protected area and it must be immediately apparent without close inspection that the items are contraband. For years there had been a third requirement of inadvertence. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hernandez, 410 So.2d 1381 (La.1982). In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the U.S. Supreme Court stated inadvertence was not a requirement, but in most cases the evidence would be discovered inadvertently.
Whatever is discovered by shining a flashlight into a vehicle has been considered to be in "plain view" if there is prior justification and it is immediately apparent that the discovery is contraband. State v. Edsall, 385 So.2d 207 (La.1980); State v. Degruy, 602 So.2d 134 (La.App. 4th Cir.1992), writ denied, 605 So.2d 1366 (La.1992); State v. Gervais, 546 So.2d 215 (La.App. 4th Cir.1989).
Here, the deputies had prior justification to be by the truck because the defendant was stopped for speeding. Deputy Lavergne shined his light on the grill of the truck, an area where there is no expectation of privacy. *954 The pivotal issue is whether it was immediately apparent that the sock was/contained contraband.
In Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), the U.S. Supreme Court discussed the "immediately apparent" requirement. The Court stated that the plain view exception does not require a police officer to know that the object to be seized was contraband. In Brown the officers, during the course of a routine traffic stop, observed a green balloon which was tied at the end. When the defendant reached into the glove compartment the officers saw more balloons and glass vials of white powder. The officers ordered the defendant out of the car, seized the green balloon, and felt a powdery substance inside the tied off section. The court held that the search and seizure was within the plain view doctrine and did not violate the Fourth Amendment. "[T]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." Id. at 738, 103 S.Ct. at 1541, quoting Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). (emphasis added).
In State v. Hall, 555 So.2d 495 (La.App. 4th Cir.1989), writ denied, 577 So.2d 44 (La. 1991), this Court held that Brown was controlling. This Court stated that "immediately apparent" only requires that the officer have probable cause to believe that the items are contraband. The Hall court noted that Louisiana's Second and Fifth Circuits had adopted Brown's standard. See also State v. Greathouse, 583 So.2d 137 (La.App. 4th Cir. 1991).
Here, the deputies had reasonable cause to stop the defendant for speeding. The defendant ran to the front of the truck and remained there about 30 seconds, despite the deputy repeatedly yelling for him to return to the side of the vehicle. The defendant had no identification or driver's license. Deputy Lavergne found a beeper and $1,208 in cash. The deputies' reasonable suspicions grew into probable cause. Deputy Lavergne walked to the front of the vehicle, found no wet spot, then raised his flashlight to check the front of the truck. He spotted the sock and, under these circumstances, had probable cause to believe that the sock contained contraband.
The sock was legally seized under the plain view doctrine. The motion to suppress was properly denied.
A review of the record for errors patent shows that the defendant was sentenced immediately after he entered a guilty plea. La.C.Cr.P. art. 873 provides that if a defendant expressly waives the three day delay or pleads guilty, sentence may be imposed immediately. The trial court properly imposed sentence after the guilty plea.
The defendant's conviction and sentence are affirmed.
AFFIRMED.