640 So.2d 880 (1994)
STATE of Louisiana
v.
Ronny J. RICARD.
No. 94-K-0975.
Court of Appeal of Louisiana, Fourth Circuit.
July 14, 1994.
Harry F. Connick, Dist. Atty., Greg Hangartner, Asst. Dist. Atty., Raymond R. Egan, III, New Orleans, for relator.
Before BARRY, BYRNES and ARMSTRONG, JJ.
BYRNES, Judge.
The defendant, Ronny Ricard, was charged with possession of cocaine, a violation of LSA-R.S. 40:967(C). He entered a plea of not guilty. On March 25, 1994, the defendant filed among other motions, a motion to suppress the evidence. The trial court granted defendant's motion to suppress the evidence after originally denying it. The state now seeks to invoke the supervisory jurisdiction of this court to reverse the trial court's ruling. We grant certiorari and reverse the ruling of the trial court.
On September 29, 1993, at approximately 7:30 a.m., Officer Karl Kreider and his partner, Officer Harry O'Neil, were patrolling near the area of Mistletoe Street and Airline Highway, an area known for its high drug *881 and prostitution activity. As the officers were pulling into a convenience store parking lot, they saw the defendant arguing with four females. When the officers stopped and got out of their vehicle, the defendant saw the officers and "stumbled to the back of the vehicle as if he had been drinking or intoxicated. He disregarded our requests for him to stop." The defendant's right hand was clenched, and Officer Kreider testified that he attempted to put his hand in his coat pocket. The officers, believing that the defendant might be reaching for a gun, grabbed the defendant, opened his hand, and found him to be in possession of a metal tube with a white residue inside. The defendant was then arrested for possession of cocaine.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. LSA-C.Cr.P. art. 215.1. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Riley, 591 So.2d 1348 (La.App. 4th Cir.1991); State v. Ganier, 591 So.2d 1328 (La.App. 4th Cir.1991); State v. Wartberg, 586 So.2d 627 (La.App. 4th Cir.1991); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). As this Court noted in Johnson:
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, supra [483 So.2d 1207 (La.App. 4th Cir.1986)]. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
State v. Johnson, at 1033.
In State v. Ganier, police officers were patrolling a housing project in New Orleans known to be a center of drug trafficking. The defendant saw the officers, turned "suspiciously", began to walk away slowly, then began to run. The officers chased the defendant until he was apprehended. This Court found that these two factors: (1) the area's reputation for drug trafficking, and (2) the suspicious actions of the defendant, sufficient to justify the stop of the defendant:
Drug activity and crimes which it generates have become a major problem endangering innocent people and severely taxing police resources. Although an innocent individual who has nothing to hide from police might flee so that such flight would be irrational, the action of fleeing in itself is inherently suspicious and justifies an investigation by a police officer exercising common sense. This is not a case of a man merely standing on a street corner who is detained by the police simply because he is there.
State v. Ganier, at 1330.
In State v. Riley, police officers were patrolling in an area known for frequent drug transactions and saw several men huddled on the street corner. The officers believed that the men were engaged in a drug transaction. The men fled after noticing the officers. The officers yelled to the defendant, whom they recognized from previous arrests, to stop and saw him discard an object before being apprehended by the officers. This Court held that the officers had reason to suspect the defendant of criminal activity and were justified in conducting an investigatory stop.
In State v. Harris, 613 So.2d 807 (La.App. 4th Cir.1993), writ denied, 629 So.2d 388 (La.1993), this court held that "an investigatory stop was reasonable in this case where defendant was standing in front of an abandoned building, in an area know for heavy drug trafficking, and subsequently walked into the rain to meet a third man.... we do not find the conduct in chasing the fleeing defendant to be unreasonable." Harris, 613 So.2d at 809. The court then upheld the seizure of the gun abandoned by the defendant during the chase.
In the present case, the defendant was standing in an area known by the officers to be a high crime area. Officer Kreider testified that the defendant's apparent argument with the four females and his stumbling indicated that he might be intoxicated. Also, his refusal to stop when ordered and his clenching of his hand and putting it inside his coat pocket was suspicious and *882 could have been an attempt to pull a weapon. The officers were justified in conducting an investigatory stop. Furthermore, the officers were justified in conducting a pat-down frisk of the defendant for weapons under LSA-C.Cr.P. art. 215.1(B) as the officers articulated specific reasons why they reasonably suspected the defendant possessed a weapon.
For the foregoing reasons the ruling of the trial court suppressing the evidence is reversed. The case is remanded to the trial court for further proceedings consistent with this decision.
REVERSED AND REMANDED.